FILED
2017 Jul-07 PM 02:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOEL LEWIS, JR., | } |
| Plaintiff, | } |
| v. | } Case No.: 2:17-cv-00950-RDP |
| MIKE JAYE, et al., | } |
| Defendants. | } |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Amended Complaint (Doc. # 5) and the Reassignment Order transferring this case to the undersigned (Doc. # 6). In the reassignment order, the Magistrate Judge explained that he would not be able to obtain consent from all parties in this action before conducting the preliminary screening of Plaintiff's amended complaint mandated by 28 U.S.C. § 1915. The court has reviewed Plaintiff's amended complaint pursuant to § 1915. After careful review, the court concludes that Plaintiff's claims against all but one Defendant are due to be dismissed without prejudice. Moreover, the court concludes that Plaintiff's claims against the remaining Defendant must be repled in a Second Amended Complaint.

### I.     The Amended Complaint's Allegations

Plaintiff's amended complaint presents claims against (1) unidentified office staff for Swift Lumber, (2) Mike Jaye, (3) Don Gordon, (4) Steve Reynolds, (5) Peacock Pavers, and (6) Swift Lumber. (Doc. # 5 at 1, 5-6). Plaintiff claims that Defendants discriminated against him by failing to hire him, subjecting him to unequal terms and conditions of employment, retaliating

against him, and terminating his employment. (*Id.* at 3). He alleges that Defendants discriminated against him because of his race, color, and gender. (*Id.* at 7). He further asserts that the court has jurisdiction over his claims under Title VII of the Civil Rights Act of 1964. (*Id.* at 5).

According to the amended complaint, Defendant Swift Lumber hired Plaintiff to work for one week. (*Id.* at 12). Then, Defendant Mike Jaye fired Plaintiff and explained that he had the right to fire Plaintiff without cause because Plaintiff had worked for Swift Lumber for less than ninety days. (*Id.*). Swift Lumber's plant manager informed Plaintiff that he could do nothing to remedy the situation. (*Id.* at 13). Plaintiff applied for other positions at Swift Lumber for the next four years but received no response. (*Id.*). A Swift Lumber employee then told him that the company does not re-hire employees. (*Id.* at 14). Plaintiff complains that Swift Lumber fired him for no reason. (*Id.*).

Plaintiff allegedly worked for Defendant Peacock Pavers from June 2016 to March 16, 2017. (*Id.* at 7). Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on March 3, 2017. (*Id.* at 4). Peacock Pavers allegedly fired Plaintiff in March 2017 for failing to produce "perfect pavers." (*Id.* at 10). According to Plaintiff, Peacock Pavers's staff conducted no investigation before firing him. (*Id.*). Moreover, he claims Defendant Steve Reynolds told an unemployment board that the company had fired Plaintiff for presenting false allegations to the EEOC. (*Id.* at 10).

Plaintiff has attached an offense report from the Escambia County Sheriff's Office to his amended complaint. (*Id.* at 9). The offense report states that Defendant Reynolds "had been aggressive and threatening" towards Plaintiff while Plaintiff worked at Peacock Pavers. (*Id.*). Plaintiff reported to an officer that Reynolds had threatened to "do everything he could to get

2

[Plaintiff] out of this workplace." (*Id.*). In March 2017, Reynolds learned of Plaintiff's EEOC complaint. (*Id.*). On March 13, 2017, Plaintiff came to his worksite and presented an excuse for missing work. (*Id.*). He contends Reynolds aggressively approached him and yelled at him. (*Id.*). Reynolds left the conversation and returned with a hammer, which he held in his pocket. (*Id.*). According to Plaintiff, Reynolds threatened to "blow his brains out" if the EEOC complaint caused Reynolds to lose his job. (*Id.*). Plaintiff reported the incident to the sheriff's office on March 17, 2017. (*Id.*).

## II.     Standard of Review

In actions where a plaintiff has been granted *in forma pauperis* status, the court is obligated to dismiss the action if it is frivolous, malicious, or fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The court conducts the review required by 28 U.S.C. § 1915(e)(2)(B)(ii) using the standards applied to motions under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556. In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine

3

whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (unpublished) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)).

III. Analysis

After careful review, the court concludes that all claims against Defendants Jaye, Reynolds, Gordon, office staff of Swift Lumber, and Swift Lumber are due to be dismissed without prejudice. Additionally, the court concludes that Plaintiff should be required to re-plead his claims against Defendant Peacock Pavers before the Clerk of Court effectuates service on that Defendant.

A. **All Title VII Claims Against Individual Defendants are Due to be Dismissed**

Plaintiff has included (or sought to include) several individuals -- Jaye, Reynolds, Gordon, and unidentified office staff -- as Defendants in this action. However, the only law cited by Plaintiff in support of his claims is Title VII. (*See* Doc. # 5 at 5). It is well settled that a plaintiff cannot sue an individual employee under Title VII. *E.g.*, *Albra v. Advan, Inc.*, 490 F.3d 826, 832 (11th Cir. 2007). Thus, Plaintiff cannot bring a Title VII claim against Jaye, Reynolds, Gordon, or any individual employee in Swift Lumber's office staff. Therefore, these Defendants are due to be dismissed without prejudice from this action.

B. **Plaintiff's Title VII Claims Against Defendant Swift Lumber are Due to be Dismissed for Failure to Plead Exhaustion of EEOC Administrative Remedies**

Plaintiff's amended complaint presents Title VII claims against Swift Lumber, a company that allegedly employed Plaintiff for one week. Plaintiff has not pled, though, that he fulfilled the condition precedent of filing a charge against Swift Lumber with the EEOC. (*See generally* Doc. # 5). *See also* Fed. R. Civ. P. 9(c) ("In pleading conditions precedent, it suffices

to allege generally that all conditions precedent have occurred or been performed."); *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 999-1010 (11th Cir. 1982) (holding that conditions precedent to a Title VII suit, such as the requirement for a plaintiff to file an EEOC charge within 180 days of the alleged discrimination or retaliation at issue, are subject to Rule 9(c)). Moreover, the notice of rights sent to Plaintiff by the EEOC indicates that he filed his EEOC charge against Peacock Pavers, not Swift Lumber. (Doc. # 5 at 8) (indicating that a copy of the notice of rights was sent to Peacock Pavers). Because Plaintiff has not pled that he filed an EEOC charge against Swift Lumber, and a document attached to the complaint indicates that he filed his EEOC charge against another employer, Peacock Pavers, his Title VII claims against Swift Lumber cannot proceed. As such, Defendant Swift Lumber is due to be dismissed from this action without prejudice.

   **C.**  **Plaintiff Must Replead His Claims Against Peacock Pavers**

A review of Plaintiff's amended complaint reveals that he has not sufficiently identified the facts that support each of his Title VII claims against Defendant Peacock Pavers. (*See* Doc. # 5). Therefore, the court will direct Plaintiff to file a second amended complaint on or before July 31, 2017. The second amended complaint shall comply with Federal Rules of Civil Procedure 8(a),[1] 8(d)(1),[2] 10(b),[3] and 11(b).[4] Each count in the second amended complaint shall contain no

---

[1] Rule 8(a) **Claims for Relief**. A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

[2] Rule 8(d) **Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.** (1) In General. Each allegation must be simple, concise, and direct. No technical form is required.

[3] Rule 10 **Form of Pleadings.** (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence ─ and each defense other than a denial ─ must be stated in a separate count or defense.

more than one discrete claim for relief. The second amended complaint must also contain allegations of fact which support each discrete claim. Specifically, Plaintiff must set forth each claim he is making against Defendant Peacock Pavers separately, in a short, plain statement, containing allegations of fact and referencing the statute or law under which each separate claim is brought and the relief sought under each separate claim. For example, Plaintiff should separate his race discrimination claim and his retaliation claim into separate counts (and separate paragraphs) and specify which facts support each count. This will enable Defendant to properly respond to each separately numbered claim and allegation. Failure to file a second amended complaint as directed may result in this action being dismissed for failure to state a cause of action upon which relief can be granted.

## IV. Conclusion

For the reasons explained above, Plaintiff's claims against Defendants Jaye, Gordon, Reynolds, Swift Lumber, and unidentified employees of Swift Lumber are due to be dismissed without prejudice. And, the court will direct Plaintiff to file a second amended complaint against Defendant Peacock Pavers. An Order consistent with this Memorandum Opinion will be entered.

---

[4] Rule 11 **Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions.** (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

**DONE** and **ORDERED** this July 7, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE